O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GAIL M. PARKS, | ) | Case No. EDCV 13-558 RNB |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION GRANTING IN PART PLAINTIFF'S MOTION FOR EAJA FEES AND COSTS; AND ORDER THEREON |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Now pending before the Court and ready for decision is plaintiff's Motion for Attorney's Fees and Costs Under the Equal Access to Justice Act (the "Motion"). The Motion originally sought an award in the amount of $4,619.39, for 24.7 hours of attorney time allegedly expended in this matter at the applicable hourly rate of $187.02, along with an additional $350 in costs.

The Equal Access to Justice Act ("EAJA") provides in pertinent part:

> "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having

1

jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

An application for fees and other expenses must be submitted to the Court within thirty days of final judgment. 28 U.S.C. § 2412(d)(1)(B). In its opposition to the Motion, the Government does not contend that the Motion was untimely, or challenge plaintiff's status as a prevailing party. Nor does the Government contend that special circumstances here make an award unjust. Nor does the Government dispute plaintiff's calculation of $187.02 as the appropriate attorney fee rate. Instead, the Government contends that the amount requested by plaintiff should be reduced because the hours of attorney time that plaintiff claims were expended are excessive and not reasonable. The Government further contends that the fees should be ordered paid to plaintiff, not his attorney, under the Supreme Court's decision in Astrue v. Ratliff, - U.S. -, 130 S. Ct. 2521, 2525, 177 L. Ed. 2d 91 (2010).

Plaintiff has filed a reply to the Government's opposition, which the Court has duly considered. As part of her reply, plaintiff requests an additional EAJA award of $374.04 for the 2.0 hours of attorney time allegedly expended in preparing the reply. Plaintiff concedes that the fees should be ordered paid to plaintiff.

**DISCUSSION**

In Commissioner, INS v. Jean, 496 U.S. 154, 161, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990), the Supreme Court made clear that the standards for an award of fees to a prevailing party set forth in Hensley v. Eckerhart, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) apply to EAJA cases. See also Atkins v. Apfel, 154 F.3d 986, 988-89 (9th Cir. 1998). Under Hensley, hours that are not "reasonably expended" or which are "excessive, redundant or otherwise unnecessary" are not compensable. See Hensley, 461 U.S. at 434. However, under current Ninth Circuit jurisprudence that

is binding on this Court, in determining what constitutes a reasonable fee award under the EAJA, "courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" See Costa v. Commissioner of Social Security Administration, 690 F.3d 1132, 1136 (9th Cir. 2012) (citing and quoting Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008)).

     Here, the Government contends that the 3.2 hours of attorney time reflected in the billing entry for 10/08/13 was excessive and unreasonable. The Court concurs. The portion of that time spent drafting the sections of the Joint Stipulation summarizing the testimony of plaintiff and the vocational expert was unnecessary because those sections of the Joint Stipulation were irrelevant to the arguments made by plaintiff in support of the two issues in dispute. Although plaintiff contends in her reply that the summary of plaintiff's testimony was "designed to aid the Court by providing it with a critical factual context for the arguments that follow," the summary did not "aid" in any way the Court's determination of the two issues in dispute. Moreover, plaintiff did not even bother to make this argument with respect to the summary of the vocational expert's testimony. The Court also notes that the transcript of the administrative hearing was only 19 pages long. Therefore, even if a summary of the administrative hearing testimony was relevant the Court's determination of the two issues in dispute, it should not have taken plaintiff's counsel 3.2 hours to prepare a summary of that testimony along with the one-paragraph "Summary of the Case."

     The Government further contends that the cumulative amount of time allegedly expended by plaintiff's counsel in summarizing the evidence that is encompassed by the billing entries for 08/19/13 (4.9 hours), 09/02/13 (3.2 hours), and 10/09/13-10/10/13 (6.4 hours) was excessive and unreasonable. While the Court concurs with plaintiff that the three billing entries relate to distinct tasks, the Court concurs with the Commissioner to this extent. After expending 4.9 hours on 08/19/13 drafting a

"summary of all relevant medical evidence," ostensibly "for use in drafting Joint Stipulation," and then expending another 3.2 hours on 09/02/13 drafting the settlement proposal letter setting forth plaintiff's position on the two issues that plaintiff believed warranted reversal, it should not have taken plaintiff's counsel another 4.2 hours to draft the portion of the Joint Stipulation setting forth plaintiff's position with respect to Disputed Issue No. 1 (6-1/2 pages of which consisted of a summary of the two physicians' opinions). Indeed, the Court notes that, for purposes of its determination of Disputed Issue No. 1, the Court was able to summarize the substance of the opinions at issue in two paragraphs.

Finally, the Commissioner contends that plaintiff should not be compensated for any additional time spent preparing her reply brief, if the Court agrees with the Commissioner's other arguments. However, under Jean, 456 U.S. at 160-66, plaintiff is entitled to be compensated for litigating the fees issues. Further, the Court finds that the amount of time for which additional compensation is sought (i.e., 2.0 hours) is not unreasonable or excessive for the work involved.

The sole question remaining to be decided is how much of a reduction from requested fees should the Court now impose, based on its findings above. The Commissioner contends that the 3.2 hours of attorney time allegedly expended by plaintiff's counsel for drafting the sections of the Joint Stipulation summarizing the procedural history and the testimony of plaintiff and the vocational expert should be reduced by 2 hours; and that a reduction of 3 hours is warranted from the cumulative amount of time allegedly expended by plaintiff's counsel in summarizing the evidence that is encompassed by the billing entries for 08/19/13, 09/02/13, and 10/09/13-10/10/13. If the Court were to impose such a reduction, it would amount to $935.10 and represent 20% of the $4,619.39 in attorney's fees originally sought by plaintiff and over 18% of the $4,993.43 in attorney's fees now being sought by plaintiff.

//

In Costa, 690 F.3d at 1136, the Ninth Circuit acknowledged that, under Moreno, 534 F.3d at 1112, "a district court can impose a reduction of up to 10 percent—a 'haircut'—based purely on the exercise of its discretion and without more specific explanation." However, where the district court cuts the number of hours by 20-25%, it is "required to provide more specific explanation than its view that 'the amount of time plaintiff's counsel spent was "excessive."'" See id.

In the wake of Costa, it is unclear to the Court what it would take to justify any reduction of an EAJA fee request of more than 10%, where the task on which the time was expended is otherwise compensable, but the amount of time allegedly expended appears to be excessive.[1] However, since the Court is unable to provide any explanations for the reductions it believes are warranted here that would be more specific than the explanations provided by the Magistrate Judge in Costa for the reductions that he believed were warranted there, which the Ninth Circuit found were not sufficiently specific,[2] the Court feels constrained by the Costa decision to limit the reduction here to 10% of the total amount of attorney's fees now being sought by plaintiff.

//
//
//

---

[1] It appears that, under Costa, a district court is required to provide not only an explanation for why the amount of time requested for a particular task is too high, but also an explanation for why the amount of time it allots to each task is reasonable. Merely providing the former explanation and then reducing the amount of billed time by what the court believes is the amount of excessive time, such as the Government is suggesting the Court do here, will not suffice. See Costa, 690 F.3d at 1136-37.

[2] The Court notes that, in Costa, the Ninth Circuit did not reverse and remand for a redetermination of the EAJA fee. Rather, it remanded with instructions to award 100% of the requested fees. See Costa, 690 F.3d at 1137.

**ORDER**

Plaintiff's Motion for Attorney Fees and Costs Under the Equal Access to Justice Act is therefore granted in part, and the Commissioner is ordered to pay to plaintiff the sum of **$4,844.09** (consisting of $4,494.09 in attorney's fees, plus $350 in costs).

DATED: March 13, 2014

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE